**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
<u>Debtor.</u>

ANN KATHERINE DE LA QUADRA,

<u>Claimant-Appellant,</u>

No. 98-1019

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-85-1307-R)

Submitted: June 30, 1998

Decided: August 6, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ann Katherine De La Quadra, Appellant Pro Se. Melody Gunter Foster, DALKON SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ann Katherine De La Quadra, a disappointed Dalkon Shield Claimant, appeals the district court's order denying her motion for reinstatement of her Disallowed Claim. Finding no abuse of discretion, we affirm.

De La Quadra filed a late Dalkon Shield Claim on April 18, 1991. The Dalkon Shield Claimants Trust (the Trust) sent a confirmation of receipt of her claim on April 23, 1991, to De La Quadra at the return address provided on the envelope in which she had mailed her claim. Among other things, the confirmation warned that the Trust should be notified of any change of address. The confirmation was not returned to the Trust as nondeliverable.

In December 1994 the Trust sent to all Late Claimants a notice that it was preparing to send them packets of information containing claim forms that had to be completed and returned by June 30, 1995. In January 1995, the Trust mailed the information packets. The packet warned Late Claimants in five separate places that the Trust would disallow the claims unless the claim forms were submitted by June 30, 1995. Subsequently, on March 2, May 1, and June 1, the Trust sent reminders of the deadline.

All these materials were addressed to De La Quadra at the Oregon address given on the envelope in which she had mailed her claim. Each warning was returned to the Trust with a notation that it was not deliverable. The Trust unsuccessfully attempted to locate De La Quadra through a search using her social security number.

De La Quadra missed the June 30 deadline, and the Trust disallowed her claim. In April 1997 she moved the district court to reinstate her claim. The Trust opposed her motion, and the district court

2

held a hearing on the matter. De La Quadra appeared at the hearing. She stated that she was unaware of the deadline and admitted that she moved without notifying the Trust of her whereabouts. De La Quadra blamed her not receiving the warnings on the postal service; she felt that her mail should have been forwarded. De La Quadra also testified that she did not contact the Trust between 1991 and 1997 to check on the status of her claim.

The district court ruled from the bench that the Trust properly disallowed De La Quadra's claim for failing to meet the deadline. The court concluded that the fault was hers for not keeping the Trust apprised of her address. Accordingly, her motion for reinstatement was denied. De La Quadra timely appeals.

The district court retains the exclusive jurisdiction to determine whether "a Disallowed Claim should be reinstated." Debtor's Sixth Amended and Restated Plan of Reorganization § 8.05(c). No document sets the standard of proof or assigns the burden of proof in cases in which a claimant seeks reinstatement of a claim which the Trust has disallowed. We therefore look to the Bankruptcy Code for guidance.

Under the Bankruptcy Code, "[a] claim that has been . . . disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j) (1994). Courts have read § 502(j) in conjunction with Fed. R. Civ. P. 60(b) and held that the burden of establishing cause rests with the moving party. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir. 1986); In re H.R.P. Auto Ctr., Inc., 130 B.R. 247, 255 (N.D. Ohio 1991).

Although De La Quadra attacked, in her motion for reinstatement, an administrative decision of the Trust instead of a court order, she is in much the same position as a § 502(j) or Rule 60(b) movant. The burden was hers to establish cause warranting reinstatement.

The district court did not abuse its discretion in finding that she had not met this burden. See Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994); In re Mathiason, 16 F.3d 234, 239 (8th Cir. 1994). She failed to keep the Trust apprised of her address and did not inquire of the

3

Trust as to the status of her Late Claim for a period of six years. Under these circumstances, the fault in this matter was hers. Accordingly, the denial of her motion for reinstatement was entirely proper.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED